[No. C058142. Third Dist. May 30, 2008.]

TYRONE B., Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## Counsel

Paulino G. Durán, Public Defender, Arthur L. Bowie and Reuben Moreno, Assistant Public Defenders, for Petitioner.

No appearance for Respondent.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette and Michael P. Farrell, Assistant Attorneys General, Janis Shank McLean and David A. Rhodes, Deputy Attorneys General, for Real Party in Interest.

## Opinion

**SIMS, Acting P. J.**—Petitioner seeks a writ of mandate challenging the juvenile court's failure to appoint an expert to evaluate petitioner's competency to stand trial in accord with California Rules of Court, rule 5.645[1] (undesignated rule references are to the California Rules of Court). Petitioner contends that the juvenile court improperly failed to appoint an expert after petitioner's counsel expressed a doubt as to petitioner's competency, instead determining that it first needed to "set this for the settlement conference and a fitness hearing and then take it up." Petitioner also alleges that the juvenile court refused to file his motion for reconsideration.

After receiving opposition to the petition, we notified the parties that we were considering the issuance of a peremptory writ of mandate in the first instance. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].) Further opposition has not been filed. We conclude the juvenile court erred by failing to consider the appointment of an expert to evaluate petitioner's competency before proceeding further with the settlement conference and fitness hearing. We shall issue the peremptory writ.

---

[1] Rule 5.645(d) provides in pertinent part:

"(d) Doubt as to capacity to cooperate with counsel (§§ 601, 602; Pen. Code, § 1367) [¶] If the court finds that there is reason to doubt that a child who is the subject of a petition filed under section 601 or 602 is capable of understanding the proceedings or of cooperating with the child's attorney, the court must stay the proceedings and conduct a hearing regarding the child's competence.

"(1) The court may appoint an expert to examine the child to evaluate the child's capacity to understand the proceedings and to cooperate with the attorney.

"(2) If the court finds that the child is not capable of understanding the proceedings or of cooperating with the attorney, the court must proceed under section 6550 and (a)–(c) of this rule.

"(3) If the court finds that the child is capable of understanding the proceedings and of cooperating with the attorney, the court must proceed with the case." (Boldface omitted.)

## FACTUAL AND PROCEDURAL BACKGROUND

A juvenile delinquency petition was filed on February 1, 2008, alleging that petitioner (now 26 years old) violated Penal Code section 288, subdivision (b)(1), in 1999. The People filed a motion asking that petitioner be declared an unfit subject for juvenile court. (Welf. & Inst. Code, § 707, subd. (b).)

During the detention hearing held on February 4, 2008, petitioner's counsel stated that a colleague had interviewed petitioner. Counsel explained that petitioner did not have a "complete or even near complete grasp" of court processes, participants, or potential ramifications. Petitioner's counsel asked that a doctor be appointed to evaluate petitioner's competency, and the district attorney had no objection.

The court stated it was hesitating because "there are differences between adult competency and juvenile competency and how that's handled . . . ." The court stated, "I think what we need to do is set this for a settlement." The court then deferred its decision "pending receipt of the settlement conference report."

Petitioner's counsel alleges he prepared a motion for reconsideration on February 6, 2008, after learning from petitioner's mother that he suffered from schizophrenia and bipolar disorder. Apparently, that motion was never heard.

On February 19, 2008, petitioner's counsel filed the instant petition for writ of mandate. We issued a stay of further proceedings pending our ruling.

## DISCUSSION

■ Petitioner contends the juvenile court erred by deferring its decision and failing to appoint an expert pursuant to rule 5.645 to examine petitioner's competency. We agree.

■ Trial of an incompetent defendant is a violation of due process. (*Medina v. California* (1992) 505 U.S. 437, 453 [120 L.Ed.2d 353, 368, 112 S.Ct. 2572].) The standard for determining a defendant's competency to stand trial was set forth in *Dusky v. United States* (1960) 362 U.S. 402 [4 L.Ed.2d 824, 80 S.Ct. 788] (*Dusky*). "Under that standard, the inquiry is whether the defendant ' "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against

him." ' [Citation.]" (*Timothy J. v. Superior Court* (2007) 150 Cal.App.4th 847, 857 [58 Cal.Rptr.3d 746] (*Timothy J.*).)

In *Timothy J.*, we concluded that former juvenile court rule 1498(d) concerning juvenile competency was consistent with the constitutional test of competency set forth in *Dusky.*[2] (*Timothy J., supra*, 150 Cal.App.4th at p. 857.) We also explained that this juvenile court rule was adopted to conform to the holding in *James H. v. Superior Court* (1978) 77 Cal.App.3d 169 [143 Cal.Rptr. 398] (*James H.*). (*Timothy J., supra*, at pp. 857–858.) In *James H.*, the court held that a minor has the right to a competency hearing *before* a fitness hearing under Welfare and Institutions Code section 707, subdivision (b), as a matter of due process, because he was entitled to the effective assistance of counsel. (*James H., supra*, 77 Cal.App.3d at p. 174.)

Although the district attorney had no objection to the appointment of a doctor to examine petitioner, the Attorney General now argues that the juvenile court must first determine whether it has jurisdiction over petitioner, reminding us that there is a difference in procedures and consequences between juvenile and adult courts. This argument was rejected in *James H.*, and we reject it here.

It is settled that a minor has a right to the effective assistance of counsel at a fitness hearing. " 'Counsel cannot effectively represent a defendant who is unable to understand the proceedings or to rationally assist him.' [Citations.]" (*James H., supra*, 77 Cal.App.3d at p. 174.)

Further, as we held in *Timothy J.*, a petitioner need not show the presence of a mental disorder or developmental disability before invoking the court's authority to consider declaring a doubt as to his competency. (*Timothy J., supra*, 150 Cal.App.4th at p. 852.) Counsel's recitation of petitioner's inability to understand the proceedings, as well as his later motion to reconsider based upon new information that petitioner was schizophrenic and bipolar, provides ample justification for the appointment of an expert to examine petitioner for competency before any further proceedings begin requiring his cooperation with counsel.

Finally, although rule 5.645(d) provides that the court "may" appoint an expert to evaluate the child, where, as here, the child's counsel has expressed a doubt as to his client's competency, it would be an abuse of discretion for the court to refuse to appoint an expert. (See Pen. Code, § 1369, subd. (a).)

---

[2] Former juvenile court rule 1498(d) was amended and renumbered as rule 5.645, effective January 1, 2007.

## DISPOSITION

We shall lift the stay, and issue a peremptory writ directing the juvenile court to vacate its ruling deferring its decision on petitioner's request to declare a doubt as to his competency and to consider the declaration of a doubt as to his competency in accord with rule 5.645(d) of the California Rules of Court.

Raye, J., and Hull, J., concurred.