[No. D059133. Fourth Dist., Div. One. Apr. 25, 2012.]

In re ALEJANDRO G., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ALEJANDRO G., Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of parts II, III and IV.

Counsel

Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, William M. Wood and Gary W. Brozio, Deputy Attorneys General, for Plaintiff and Respondent.

Opinion

**HUFFMAN, J.**—After determining Alejandro G. competent to stand trial, the court found true that Alejandro G. unlawfully possessed a concealed firearm while not accompanied by a parent (Pen. Code,[1] former § 12101,[2] subd. (a)(1); count 1) and possessed a concealed firearm (former § 12025, subd. (a)(1)) with an allegation that he did not lawfully possess the firearm and was a person (a minor) prohibited from possessing a firearm (former §§ 12021, 12021.1, 12025, subd. (b)(4); count 2; Welf. & Inst. Code, §§ 8100, 8103). The court also found true that Alejandro possessed a concealed firearm (former § 12025, subd. (a)(2), count 3), but struck the allegation Alejandro knew the firearm was stolen (former § 12025, subd. (b)(2)).

Alejandro appeals, contending the court applied the wrong test in finding him competent, and in the alternative, substantial evidence did not support the competency determination even if the court applied the proper test. Alejandro also asserts substantial evidence does not support the true finding that he was not in lawful possession of the firearm. He argues count 3 should be stricken because it is a lesser included offense of count 2. Finally, Alejandro insists the case must be remanded for the court to exercise its discretion under Welfare and Institutions Code section 702 to determine whether the wobblers charged in counts 1 and 2 should be misdemeanors or felonies.

In the published portion of this opinion, we affirm the court's finding that Alejandro was competent to stand trial. We publish on this issue as a

---

[1] Statutory references are to the Penal Code unless otherwise specified.

[2] Sections 12021, 12021.1, and 12025 were repealed on January 1, 2012, but their provisions were continued without substantive change in a new title 2 (commencing with section 12001) entitled Sentence Enhancements. Because the true findings involved these repealed statutes and they were not substantially changed, only renumbered, becoming effective January 1, 2012, we refer to sections 12021, 12021.1, and 12025 throughout this opinion for clarity and convenience.

reminder of the proper test of a minor's competency to stand trial. The doctors evaluating Alejandro applied the incorrect test, and, on appeal, Alejandro misconstrues the test as well. A minor's competency does not hinge on his or her education regarding or knowledge of the juvenile court system. Instead, the correct test of competency of a minor is set forth in *Timothy J. v. Superior Court* (2007) 150 Cal.App.4th 847 [58 Cal.Rptr.3d 746] (*Timothy J.*).) The court must determine whether the minor " ' "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." ' " (*Id.* at p. 857.) Under this test, we also conclude substantial evidence supports the court's finding of competence.

In the unpublished portion of this opinion, we determine count 3 should be stricken and remand the matter to the court to exercise its discretion under Welfare and Institutions Code section 702.

## FACTS

Shortly after midnight on August 14, 2010, Oceanside Police detectives observed Alejandro in the backseat of a parked car with a package of cigarettes on the seat beside him. The detectives contacted Alejandro and, during a patdown search, found a loaded semiautomatic handgun in his waistband.

The owner of the gun testified that it had been stolen in a residential burglary in 2008 and no one had permission to use it.

Alejandro testified that members of the Varrio Posole gang gave him the gun to hold, and he considered them to be his friends. He said that he held the gun out of fear. He admitted, however, that he had been "kicking it" with the Varrio Posole gang at least since 2008.

## DISCUSSION

### I

### *THE COURT CORRECTLY FOUND ALEJANDRO COMPETENT TO STAND TRIAL*

Alejandro contends the court applied the wrong standard in finding Alejandro competent to stand trial. In the alternative, Alejandro insists, even if the court

used the correct standard, substantial evidence does not support the court's finding. We reject both contentions.

## A. Background

Alejandro was evaluated by two psychologists, Dr. Thomas J. Barnes and Dr. Robert Kelin. Both doctors prepared reports and testified at the competency hearing.

Dr. Barnes opined that Alejandro could not assist his attorney. He also opined Alejandro could not understand the nature of the proceedings because of deficits in his knowledge; therefore, he was not competent. These deficits included an inability to discuss the specific charges, and the potential penalties, and an inability to comprehend concepts necessary to navigate within the courtroom system. Dr. Barnes thought Alejandro could be restored to competency if he took restoration classes, i.e., classes designed to educate and inform him about the juvenile court system.

As part of the basis of his opinions, Dr. Barnes administered a test known as the Revised Competency Assessment Instrument. This test was designed for adults. It asked questions about the adult court system, not the juvenile court system. Dr. Barnes did not modify the test to assist Alejandro, nor did he alter the questions to account for differences between adult criminal court and juvenile court. Nevertheless, Alejandro understood he was facing three charges. Although Dr. Barnes pointed out Alejandro did not know what a felony was, Alejandro understood he had to have a gun to commit his charged offenses. Dr. Barnes asked Alejandro about possible sentences.[3] Alejandro responded, "Don't know I'm already on an ankle bracelet." Alejandro, however, told Dr. Barnes probation could include a 6:00 p.m. curfew and being prohibited from going to the park.

Dr. Barnes also asked Alejandro if he knew what would happen if he was found guilty.[4] Alejandro responded that he would have a record and be placed on probation. Alejandro understood a lawyer would help him.

Regarding the participants in the process, in response to Dr. Barnes's questions, Alejandro understood the defense lawyer "tried to get you out"; the district attorney says "all the stuff be done"; and the judge "speaks if you are going to get in or out." Alejandro knew that he had to tell the truth, his

---

[3] A minor does not receive a sentence in juvenile court, but instead, a disposition. Dr. Barnes acknowledged this difference, but still asked Alejandro about possible sentences.

[4] Despite asking this question to determine Alejandro's competence, Dr. Barnes admitted he knew juvenile court does not use the term "guilty."

lawyer would ask him a question first if he chose to testify, and the district attorney would try to "keep [him] in."

Alejandro also conveyed some understanding of evidence, stating it was the "stuff people testify on" and that "the gun" might be evidence in his case. He said he was expected to cooperate with his attorney and tell his attorney everything he knew and remembered. Alejandro also was familiar with the police report's contents, and he knew he did not confess to the charged crimes. He understood he was expected to be "calm" in court and should speak when he was asked a question.

Dr. Kelin shared some of Dr. Barnes's opinions about Alejandro. Both agreed Alejandro was of average intelligence, possessed no developmental disabilities, and had no mental disorders (although Dr. Barnes thought Alejandro had a conduct disorder, which was not the type of mental disorder that would affect competency). Like Dr. Barnes, Dr. Kelin did not believe Alejandro was competent, although he was "close to being competent." Dr. Kelin testified that Alejandro sometimes displayed a vague or limited understanding of the court proceedings and restoration classes would probably make him competent. Dr. Kelin's primary concerns were that Alejandro had a "lack of complete understanding of possible consequences and what the judge does."

Despite some similarities between Dr. Kelin's and Dr. Barnes's opinions, important differences exist. Dr. Kelin disagreed with Dr. Barnes and opined that Alejandro could assist his attorney. Dr. Kelin used a different assessment tool, the Georgia Court Competency test, than the test Dr. Barnes used. Dr. Kelin modified the test to apply to a juvenile and used a diagram of a courtroom to ask some of the questions. Using the diagram, Alejandro was able to identify where the judge, the district attorney, and he and his lawyer would sit. Alejandro said that the judge "tells the charges," the defense lawyer tries to help you "get out of the situation," the district attorney presses charges and "tries to get you in more serious trouble," witnesses "tell their story," and his role was to "sit down and watch them talk until they ask[ed] him] something." He knew that he was in trouble because he "concealed a gun," and he knew the potential consequences included going back to juvenile hall. He hoped, however, that he would remain on probation with an ankle bracelet. It was generally agreed Alejandro was more forthcoming with Dr. Kelin than Dr. Barnes.

During argument, the court asked the prosecutor to respond to Dr. Kelin's belief that Alejandro "did not understand the consequences" of the criminal process. The prosecutor argued that the possible consequences of a juvenile proceeding were "actually quite complex," and a minor did not need to have

a detailed understanding of all of them to have the present ability to stand trial. The prosecutor further asserted Alejandro's answers to the psychologists' questions demonstrated an adequate understanding of the consequences. The prosecutor maintained that it was the court's ultimate responsibility to determine the issue of competency. He also argued the court was not bound to follow the opinions of the experts and should find Alejandro competent based on his responses to the doctors' questions.

In arguing competency, Alejandro's lawyer made it clear that "the real issue [was] whether [the minor] ha[d the] present ability, not whether he [was] capable." Alejandro's lawyer apparently was concerned the court would look to Alejandro's capability to understand in the future, instead of considering his current ability.

After argument, the court recessed to review some authorities, including California Rules of Court, rule 5.645 and *Timothy J., supra*, 150 Cal.App.4th 847. Upon resuming the hearing, the court stated its ruling: "And the court does note that while each witness, that is, Dr. Barnes and Dr. Kelin each concluded that Alex was not competent at this time, I think, like, anything else, the details are extremely important. And frankly, the court believes that some of the answers provided by Dr. Barnes and even to a small extent, Dr. Kelin addressed a little bit of a different question and the court really needs answered. And that is as noted by the court of appeal in *Timothy J.* cited by you, [Alejandro's counsel], is indeed is the minor capable of understanding the proceedings and capable of cooperating with his attorney. [¶] And it's the court's conclusion at least based on the evidence presented that incompetency has not been demonstrated by a preponderance of the evidence. So, therefore, the court believes that in fact [Alejandro] is competent at least under the standards provided by the State of California and, therefore, the proceedings shall proceed."

Alejandro's counsel asked for clarification if the court was finding Alejandro "has [the] present ability" to understand the process. The court responded, "He is currently competent under the law, correct."

### B. The Court Applied the Correct Standard

■ It is well established that the criminal trial of an incompetent defendant violates the due process clause of the state and federal Constitutions. (*Medina v. California* (1992) 505 U.S. 437, 453 [120 L.Ed.2d 353, 112 S.Ct. 2572].) Like an adult defendant, a minor has a right to a competency hearing in juvenile delinquency proceedings. (*James H. v. Superior Court* (1978) 77 Cal.App.3d 169, 174–175 [143 Cal.Rptr. 398] (*James H.*).) The standard applied in adult criminal proceedings is also

applied in juvenile delinquency proceedings, namely, whether the accused " ' "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." ' " (*Timothy J., supra*, 150 Cal.App.4th at p. 857.)

There is nothing in the record that leads us to determine the court applied the wrong standard. To the contrary, the record is extremely clear the court was applying the correct standard. The court reviewed *Timothy J., supra*, 150 Cal.App.4th 847 prior to ruling and accurately recited the appropriate standard. Moreover, the court confirmed it was finding Alejandro "currently competent under the law."

Despite the clear record, Alejandro argues the court's exchange with the prosecutor regarding Dr. Kelin's belief Alejandro could not "understand the consequences in terms of what can happen in the criminal process" and whether it was "something that couldn't be solved by a civics class" proves the court believed the minor did not have present understanding of the proceedings. We disagree.

The court's question, on which Alejandro relies, is as follows: "My concern is Dr. Kelin indicated that in his belief, [Alejandro] did not understand the consequences in terms of what can happen here in a criminal process. Now, is that necessarily something that couldn't be solved by a civics class. I mean, that sounds to some extent, like, does that—well, let me phrase it differently. [¶] In your view, does that or doesn't that not impact the requirement that the child to be competent understands the proceeding?" While perhaps inartfully stated, the court clearly was concerned that Dr. Kelin was not focused on the correct question. The court was pointing out that the test for competency in a juvenile court proceeding does not require a minor to understand the juvenile delinquency process sufficiently to pass a civics class. Relying on *Timothy J., supra*, 150 Cal.App.4th at page 862, the court cited the correct standard, "is the minor capable of understanding the proceedings and capable of cooperating with his attorney?"

Although not mentioned by the parties, the court also illuminated a similar flaw with Dr. Barnes's opinion when it asked him: "Dr. Barnes, as far as the deficits that you noted with regard to [Alejandro] and his competency, are they limited to a lack of sufficient knowledge and understanding of the concepts underlying the courtroom and the court process?" Dr. Barnes responded, "I think so."

Here, Alejandro makes the same error that the court found in the opinions of Drs. Barnes and Kelin. A minor's education regarding and knowledge of

the juvenile delinquency process is not a factor in determining whether the minor is competent. Instead, the test for competency is clearly set out in *Timothy J., supra,* 150 Cal.App.4th at page 857: "[T]he inquiry is whether the defendant ' "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." ' " We conclude the court applied the correct standard in finding Alejandro competent. Whether Alejandro could pass a civics test regarding the juvenile court system is not indicative of his competence to stand trial under the applicable test.

### C. Substantial Evidence Supports the Court's Finding of Competency

Alejandro argues substantial evidence does not support the conclusion he was competent. To support his position, he advances three arguments. First, the doctors testified Alejandro was not competent. Second, he contends the record establishes the court found the doctors' opinions credible. Third, he claims, with little explanation, this matter is the same as *People v. Samuel* (1981) 29 Cal.3d 489 [174 Cal.Rptr. 684, 629 P.2d 485] (*Samuel*). We reject each contention.

■ The fact that both doctors opined Alejandro was not competent does not prove a lack of substantial evidence to support the court's finding. The court is not under any obligation to adopt the doctors' opinions. Such a requirement would undermine the court's role in determining a minor's competency. (See *James H., supra,* 77 Cal.App.3d 169, 172 ["[T]he juvenile court has the inherent power to determine a minor's mental competence to understand the nature of the proceedings pending under Welfare and Institutions Code section 707, subdivision (b) and to assist counsel in a rational matter at that hearing."].) Further, it is clear from the record, these opinions were not well supported by the examinations of Alejandro. To gauge Alejandro's understanding of the juvenile court process, Dr. Barnes asked him questions that pertained to the criminal trial of an adult. The court clearly believed Dr. Barnes's testimony did not address the correct questions to appropriately evaluate Alejandro's competency.

In contrast to Dr. Barnes's opinion, Dr. Kelin opined Alejandro was capable of assisting his attorney. In addition, while he testified Alejandro was not competent, he stated Alejandro was "close to being competent." Although the court found Dr. Kelin's testimony more credible than Dr. Barnes's, it doubted whether Dr. Kelin was focused on the correct issues. The court correctly questioned Dr. Kelin's belief Alejandro should take restoration classes to explain the juvenile court system to become competent. In addition,

Dr. Kelin's opinion of Alejandro's competence was further undermined when, during cross-examination, he testified that Alejandro was "capable of understanding the proceedings." In short, neither Dr. Barnes's opinion nor Dr. Kelin's opinion proves a lack of substantial evidence supports the court's finding that Alejandro was competent.

Alejandro also argues "the record establishes that the juvenile court found credible the experts' opinions, that the minor did not have a present understanding of the proceedings." Here, the only citation Alejandro makes to the record to support this conclusion is a single reference by the court that: "And I think the two experts certainly provided helpful information." This lone sentence does not indicate the court found either opinion credible. Moreover, we find no other portion of the record that supports Alejandro's position. To the contrary, the court explicitly stated the doctors addressed a different question than what the court needed answered. Thus, we conclude the record evidences the court did not find credible either Dr. Barnes's or Dr. Kelin's opinion that Alejandro was not competent.

Finally, this matter is not analogous to *Samuel, supra,* 29 Cal.3d 489. In *Samuel,* our high court found the defendant produced "an impressive body of evidence" of his lack of competence to stand trial and noted the prosecution provided little, if any, evidence concerning the defendant's competence to stand trial. (*Id.* at p. 503.) The court therefore concluded substantial evidence did not support the jury's finding that the defendant was competent to stand trial. (*Id.* at p. 506.) Here, Alejandro did not produce "an impressive body of evidence." While the prosecutor did not offer any evidence to prove Alejandro was competent, we are satisfied he did not need to do so. Neither Dr. Barnes's opinion nor Dr. Kelin's opinion that Alejandro was not competent was credible.

In summary, we are satisfied substantial evidence supports the court's finding of competence. It was undisputed that Alejandro was of average intelligence, possessed no developmental disabilities, and had no mental disorders. In addition, Alejandro's answers to the doctors' questions indicated he had sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and he had a rational as well as factual understanding of the proceedings against him. (See *Timothy J., supra,* 150 Cal.App.4th at p. 857.)

Alejandro also raises the additional issue that the court erred in requiring him to prove, by a preponderance of the evidence, he was not competent to stand trial as opposed to placing the burden on the prosecution to prove him competent. Both parties correctly acknowledge this question has not been decided by any California court. (See *In re Christopher F.* (2011) 194

Cal.App.4th 462, 472 [123 Cal.Rptr.3d 516].) We, however, decline to answer the question at this time. We determine there is little, if any, evidence in the record of Alejandro's incompetence. Thus, which party bears the burden of proof on the competency issue would not impact our analysis here.

## II–IV*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

We reverse the trial court's true finding on count 3. We remand this matter to the trial court and order it to strike the true finding on count 3 and exercise its discretion under Welfare and Institutions Code section 702. In all other aspects, we affirm.

McConnell, P. J., and Aaron, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 11, 2012, S202830. Cantil-Sakauye, C. J., did not participate therein.

*See footnote, *ante*, page 472.