Filed 10/27/14  Modified and certified for publication 11/12/14 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| BRYAN E., a Minor, etc., | B256172 |
| Petitioner, | (Super. Ct. No. MJ22371) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS in mandate.  Denise McLaughlin-Bennett, Judge. Petition granted.

Ronald L. Brown, Public Defender, Albert J. Menaster, Maceo Lewis and Megan N. Gallow, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Jackie Lacey, District Attorney, Roberta T. Schwartz and Phyllis Asayama, Deputy District Attorneys, for Real Party in Interest.

————————————

# INTRODUCTION

Bryan E. filed a petition for a writ of mandate to compel the juvenile court to vacate its order finding him competent to stand trial. On June 18, 2014 we issued an order to show cause why the relief prayed for should not be granted and staying the proceedings. We now grant the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 7, 2013 the People filed a petition under Welfare and Institutions Code section 602 alleging that Bryan, who had recently turned 13 years old, committed assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)) and assault by means likely to produce great bodily injury (*id*., § 245, subd. (a)(4)). The juvenile court appointed the public defender to represent Bryan. Bryan denied the allegations of the petition. The court released him to his mother.

Dr. Douglas Allen, a psychologist, assessed Bryan's competency and tested his intelligence. Allen evaluated Bryan on December 11, 2013. Allen concluded that Bryan had a mental disorder, had "a documented history of receiving mental health treatment, and ha[d] been recently diagnosed with a Major Depressive Disorder, With a History of Psychotic Features; Learning Disorder NOS; and Anxiety Disorder NOS." Allen concluded that, because of Bryan's mental disorder, Bryan lacked "sufficient present ability to consult with counsel and assist in preparing his defense with a reasonable degree of rational understanding," and lacked "a rational as well as factual understanding of the nature of the charges or proceedings against him." Allen reported that Bryan told him he was in therapy and taking psychotropic medication, but "could not provide specific information as to the length of time that he has been involved in therapy, or how long he has taken psychotropic medication." Bryan also "confirmed that he had been hospitalized previously" but "could not provide any specific information as to where he was hospitalized or the reason for the hospitalization." Bryan's medical records showed

that he was hospitalized in September 2013 because of "auditory hallucinations telling him to hurt himself and others."

Allen assessed Bryan's competency using the Juvenile Adjudicative Competency Interview.  He concluded that Bryan "did not appear to have an awareness of the exact charges he is currently facing" but believed he was in court "'[f]or fighting.'"  When asked what occurs in court, Bryan "simply stated, 'I don't know, I forgot.'"  Bryan had difficulty understanding the distinction between felonies and misdemeanors.  He "did not initially understand the basic pleas."  Following an explanation, Bryan stated that "'[g]uilty means you did it.'"

Allen also noted that Bryan was not aware of his possible punishments.  Bryan knew his public defender was a man but could not recall his name.  The only information Bryan could provide about the public defender's role was that he was there "'[t]o protect me.'"  Bryan stated that the role of the judge was to "find[] evidence or not" and "[t]o say if you're guilty or not guilty."  Bryan did not know the role of the prosecutor.  After Allen explained these roles to Bryan in greater detail, Bryan stated:  "One of them [the lawyers] is on my side, and one's not.  She's against me.  The judge is not on one side and to make the law perfect."  Bryan "could not offer any ways in which he could aid his public defender in his defense."

Allen explained the trial process and plea bargaining to Bryan.  When Allen later asked Bryan about these things in order to determine whether Bryan was able to retain information, Bryan "was able to state, 'A felony is something big and a misdemeanor is something little.'  He was able to recall that his charges have been filed as felonies.  However, [Bryan] could not recall what was entailed in terms of the basic pleas of guilty and not guilty.  In terms of the roles of the court officers, he stated, 'One helps me and one's against me.  The judge decides.'  He could not recall any information regarding the trial process.  In terms of a plea bargain, he stated, 'It's when you take a deal that you didn't do it or that you did do it."

Allen noted that in the interview Bryan "did not exhibit any overt signs of psychotic behavior such as responding to internal stimuli," but he did show "significant

3

signs of continuous depression. He was lethargic, distracted, and at times disengaged and disinterested in the conversation at hand." Allen concluded that "[b]ased upon his presentation and responses during the interview . . . , [Bryan] does not appear to be competent at the current time to stand trial. He does not appear to have a factual, as well as rational understanding of the nature of the charges and proceedings against him. . . . Further, [Bryan] also does not appear to be able to currently assist in his defense in terms of his ability to consult with counsel" due to his depression. Bryan's "detached and lethargic demeanor" affected "his ability to grasp the seriousness of his charges or to utilize adequate reasoning and judgment in terms of decision-making and interaction with his defense counsel." Allen believed that, although Bryan might be able to regain competency within six months, "this would require a combination of intensive mental health intervention to include close monitoring of his psychotropic medication, along with a competency training program utilizing one to one instruction over a period of time."

On March 11, 2014 the court conducted a hearing. At the hearing Allen elaborated on the opinions and conclusions he had stated in his report. He testified that because of his depression, Bryan had a minimal and irrational understanding of the proceedings. After Allen "attempted to do training with him, he was able to grasp certain things with training, but again it was at a very minimal level. And in terms of retention, the retention section he knew very little." While Bryan was able to retain some of what Allen explained to him, it was not "enough information overall to be competent." Allen conceded on cross-examination that Bryan did not appear to have any developmental disabilities and was doing reasonably well in school. Allen explained that Bryan could experience "ebb and flow a bit in terms of the elevation of his depression. It's not that he's totally incapacitated all the time. It may go kind of up and down and—and maybe [in] a structured situation like a school setting, he's been in special education with more individualized one-to-one help, that he could do better in that situation." Allen added that he believed that Bryan would have "a cognitive ability as his depression is stabilized" and

4

"would be more emotionally stable and therefore probably more amenable to training and understanding of the court process."

After hearing Allen's testimony and reading his report, the juvenile court found that Bryan was competent to stand trial. The court stated that Bryan was able to express his understanding of the proceedings. The court noted, for example, that "when asked about the difference between a guilty plea and a not guilty plea," Bryan was able "to accurately describe what a guilty plea means, which in his words was you did it." Bryan "was also able to describe a not guilty plea meant he didn't do it, he was able to describe his charges as a felony, and he was able to describe the charges as fighting." This evidence led "the court to believe that the defense has [not] met its burden. There has not been a substantial showing that [Bryan] lacks the ability to comprehend the court procedures pursuant to those standards that are required by law and find that he is competent to stand trial." The court's March 11, 2014 order states: "Matter is called for [a] hearing pursuant to Penal Code Section 1368. Douglas Allen is administered the oath and testifie[d] on behalf of the minor. Minor's exhibit A (report of Douglas Allen, 6 pgs) is admitted in evidence by reference to the court file. Both sides rest. Matter is argued and submitted. The Court finds that the minor is presently mentally competent and Juvenile proceedings are resumed. . . ."

**DISCUSSION**

"The criminal trial of an incompetent defendant violates the due process clause of the federal and state Constitutions. [Citations.] Similarly, a child subject to delinquency proceedings has a due process right to a competency hearing. [Citations.]" (*In re Christopher F.* (2011) 194 Cal.App.4th 462, 468; see *In re Alejandro G.* (2012) 205 Cal.App.4th 472, 478 ["[l]ike an adult defendant, a minor has a right to a competency hearing in juvenile delinquency proceedings"].) Different statutes and standards, however, govern competency determinations in adult criminal and juvenile proceedings.

5

Adult criminal competency proceedings are governed by Penal Code sections 1367 and 1368. In adult criminal proceedings, "[a] defendant is mentally incompetent . . . if, as a result of mental disorder or developmental disability, the defendant is unable to understand the nature of the criminal proceedings or to assist counsel in the conduct of a defense in a rational manner." (Pen. Code, § 1367, subd. (a).) Once there is substantial evidence of the defendant's incompetence, the trial court must conduct a competency hearing. (*Id*., § 1368, subds. (b) and (c); *People v. Rodriguez* (2014) 58 Cal.4th 587, 624; *People v. Mai* (2013) 57 Cal.4th 986, 1032.)

Juvenile competency proceedings are governed by Welfare and Institutions Code section 709. "In California juvenile proceedings, [Welfare and Institutions Code] section 709 governs competency determinations and provides, in relevant part: '(a) During the pendency of any juvenile proceeding, the minor's counsel or the court may express a doubt as to the minor's competency. A minor is incompetent to proceed if he or she lacks sufficient present ability to consult with counsel and assist in preparing his or her defense with a reasonable degree of rational understanding, or lacks a rational as well as factual understanding, of the nature of the charges or proceedings against him or her. If the court finds substantial evidence raises a doubt as to the minor's competency, the proceedings shall be suspended. [¶] (b) Upon suspension of proceedings, the court shall order that the question of the minor's competence be determined at a hearing. The court shall appoint an expert to evaluate whether the minor suffers from a mental disorder, developmental disability, developmental immaturity, or other condition and, if so, whether the condition or conditions impair the minor's competency.'" (*In re John Z.* (2014) 223 Cal.App.4th 1046, 1053-1054.) Welfare and Institutions Code section 709, subdivision (c), provides: "If the minor is found to be incompetent by a preponderance of the evidence, all proceedings shall remain suspended for a period of time that is no longer than reasonably necessary to determine whether there is a substantial probability that the minor will attain competency in the foreseeable future, or the court no longer retains jurisdiction. . . ."

6

Thus, unlike an adult, a minor does not need to show that his or her inability to understand or assist arises "as a result of mental disorder or developmental disability." (See *In re John Z.*, *supra*, 223 Cal.App.4th at p. 1053 ["[j]uvenile incompetency is not defined solely 'in terms of mental illness or disability,' but also encompasses developmental immaturity, because minors' brains are still developing"]; *In re Jesus G.* (2013) 218 Cal.App.4th 157, 170 ["a juvenile may be found incompetent to stand trial solely because of developmental immaturity, without a finding of mental disorder or developmental disability"]; see also (*Tyrone B. v. Superior Court* (2008) 164 Cal.App.4th 227, 231 [minor "need not show the presence of a mental disorder or developmental disability before invoking the court's authority to consider declaring a doubt as to his competency"]. This is because although "an adult's incompetence to stand trial must arise from a mental disorder or developmental disability that limits his or her ability to understand the nature of the proceedings and to assist counsel[, . . .] [t]he same may not be said of a young child whose developmental immaturity may result in trial incompetence despite the absence of any underlying mental or developmental abnormality." (*Timothy J. v. Superior Court* (2007) 150 Cal.App.4th 847, 860.)

It appears that the juvenile court, in determining whether Byran was competent to stand trial, applied the standard of competency applicable to adults under Penal Code sections 1367 and 1368, rather than the standard of competency applicable to minors under Welfare and Institutions Code section 709. Although the record is not entirely clear, the March 11, 2014 minute order states that the "[m]atter is called for [a] hearing pursuant to Penal Code Section 1368," which strongly suggests the juvenile court was applying the wrong standard. Nothing in the record suggests that the juvenile court applied the correct standard of Welfare and Institutions Code section 709.[1]

---

[1]    In *In re Alejandro G.*, *supra*, 205 Cal.App.4th 472, the court stated that "[t]he standard applied in adult criminal proceedings is also applied in juvenile delinquency proceedings, namely, whether the accused ""'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.'"" (*Id.* at

7

Moreover, in both adult criminal and juvenile cases, the applicable standard of proof of incompetency is preponderance of the evidence. (See Pen. Code, § 1369, subd. (f); Welf. & Inst. Code, § 709, subd. (c); *People v. Blacksher* (2011) 52 Cal.4th 769, 797 [in criminal cases, "[a] defendant is presumed competent unless the contrary is proven by a preponderance of the evidence by the party contending he or she is incompetent"]; *In re John Z.*, *supra*, 223 Cal.App.4th at p. 1054 ["[i]ncompetency must be established by a preponderance of the evidence"]; Cal. Rules of Court, rule 5.645(d).) It does not appear, however, that the juvenile court applied the preponderance of the evidence standard. The juvenile court found there was no "substantial showing that [Bryan] lacks the ability to comprehend the court procedures to those standards that are required by law." To the extent the court used "substantial showing" to mean "substantial evidence," "substantial evidence" is the standard a criminal court and a juvenile court use to determine whether a competency hearing is required, not whether the defendant or the minor is competent. (See Pen. Code, § 1368, subds. (b) and (c); Welf. & Inst. Code, § 709, subd. (a); *People v. Sattiewhite* (2014) 59 Cal.4th 446, 464; *In re John Z.*, *supra*, at p. 1055.) The juvenile court also made no finding, by a preponderance of the evidence or otherwise, regarding Bryan's ability to consult with counsel and assist in preparing his defense.

The People argue that the March 11 hearing "may have been for the court to determine if it should declare a doubt [as to Bryan's competency], never having declared a doubt on the record prior to the hearing, and never having appointed experts for a non-confidential report pursuant to Evidence Code section 730," pursuant to Welfare and Institutions Code section 709, subdivision (b). The People assert that if this is what

pp. 478-479, citing *Timothy J. v. Superior Court*, *supra*, 150 Cal.App.4th at p. 857.) As discussed, this statement is not entirely correct because the language of Penal Code section 1367 and Welfare and Institutions Code section 709 is different. In any event, this portion of the court's opinion in *In re Alejandro G.* is distinguishable because in that case the juvenile court stated it had reviewed *Timothy J.* "and accurately recited the appropriate standard." (*In re Alejandro G.*, *supra*, at p. 479.) Here, the juvenile court recited the wrong standard.

occurred, then the "substantial showing" standard would have been appropriate.  The problem, however, is that it is unclear what occurred.  For example, the March 11, 2014 minute order states that, after the court found Bryan competent, the court "resumed" the juvenile proceedings, which suggests that the court had already found a doubt by substantial evidence pursuant to Welfare and Institutions Code section 709, subdivision (a), and had previously suspended the proceedings.  In addition, the court appointed Allen to evaluate Bryan's competency, which occurs after the court has found a doubt as to competency and in anticipation of a competency hearing.  It is uncertain at best, and doubtful at worst, that the purpose of the hearing on March 11, 2014 was for the court to determine whether there was a doubt regarding Bryan's competency under Welfare and Institutions Code section 709, subdivision (a), rather than to determine whether Bryan was competent under Welfare and Institutions Code section 709, subdivision (b).

The People acknowledge that, "in light of the unclear record on the type of hearing that was held, and the severe consequences of a reversal of judgment for failing to hold a full competency hearing if one is warranted," it is appropriate in this proceeding "to order the juvenile court to clarify for the record if the juvenile court harbored a doubt, and if so, to correct the minute order to so reflect; and to further clarify that the hearing held on March 11, 2014, was or was not a full competency hearing; and to issue any further orders consistent with this Court's ruling."  We agree with the People, at least to the extent they concede that the juvenile court must conduct competency hearings and make findings in accordance with Welfare and Institutions Code section 709.  (See *Timothy J. v. Superior Court*, *supra*, 150 Cal.App.4th at p. 862 [reversal required where juvenile court "decided the question of competency using the wrong standard," even though "there may be substantial evidence to support the court's ruling"].)

9

**DISPOSITION**

The petition is granted.  The juvenile court is directed to vacate its March 11, 2014 order finding Bryan mentally competent, to hold a new competency hearing if appropriate, and to make new findings consistent with the standards set forth in Welfare and Institutions Code section 709.  The June 18, 2014 stay of the proceedings is vacated.

SEGAL, J.*

We concur:

WOODS, Acting P. J.

ZELON, J.

---

*        Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10

Filed 11/12/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| BRYAN E., a Minor, etc., | B256172 |
| Petitioner, | (Super. Ct. No. MJ22371) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | ORDER MODIFYING OPINION AND CERTIFYING FOR PUBLICATION; NO CHANGE IN JUDGMENT |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

THE COURT:

It is ordered that the opinion filed herein on October 27, 2014, be modified as follows:

On page 2, the paragraph under Introduction, the second and third sentences are modified to read as follows:

> We issued an order to show cause why the relief prayed for should not be granted and staying the proceedings. Because the juvenile court applied two incorrect legal standards, Penal Code section 1367 rather than Welfare and Institutions Code section 709 and "substantial showing" rather than preponderance of the evidence, we now grant the petition.

There is no change in the judgment.

The opinion in the above-entitled matter filed on October 27, 2014 was not certified for publication in the Official Reports.  For good cause it now appears that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), and petitioner's request for publication pursuant to California Rules of Court, rule 8.1120(a) is granted.

IT IS HEREBY ORDERED that the words "Not to be Published in the Official Reports" appearing on page 1 of said opinion be deleted and the opinion be published in the Official Reports.


_____          _____          _____
WOODS, Acting P. J.          ZELON, J.          SEGAL, J.*

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.